**Samuel R. Miller (SBN 66871)**
srmiller@sidley.com
**Robert B. Martin III (SBN 235489)**
rbmartin@sidley.com
**SIDLEY AUSTIN LLP**
555 California Street, Suite 2000
San Francisco, California 94104
Telephone:   (415) 772-1200
Facsimile:   (415) 772-7400

**Attorneys For Plaintiff COPART, INC.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COPART, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AUTO AUCTION SERVICES CORP., a Maryland corporation,<br><br>　　　　　Defendant. | Civil Action No. CV-08-3393-JSW<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY** |

|   |   |
|---|---|
| 1 | **STIPULATION** |
| 2 | WHEREAS, disclosure and discovery activity in this action are likely to involve |
| 3 | production of confidential, proprietary, or private information for which special protection from |
| 4 | public disclosure and from use for any purpose other than prosecuting this litigation would be |
| 5 | warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following |
| 6 | Stipulation and Protective Order Regarding Confidentiality ("Protective Order"). |
| 7 | THEREFORE, IT IS STIPULATED THAT: |
| 8 | 1. Disclosure or Discovery Material is defined as all items or information, |
| 9 | regardless of the medium or manner generated, stored, or maintained (including, among other things, |
| 10 | testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses |
| 11 | to discovery in this action. |
| 12 | 2. "Confidential Information" is defined as information (regardless of how |
| 13 | generated, stored, or maintained) or tangible things that are confidential, proprietary, or private and |
| 14 | which qualify for protection under Federal Rule of Civil Procedure 26(c). |
| 15 | 3. "Highly Confidential Information" is defined as information that is extremely |
| 16 | sensitive whose disclosure to the other party would create a substantial risk of serious injury that |
| 17 | could not be avoided by less restrictive means. |
| 18 | 4. "Competitively Sensitive Information" is defined as information relating to |
| 19 | existing and contemplated business, marketing and financial information such as business plans and |
| 20 | methods, cost estimates, actual costs, customer lists, budgets, proposed business alliances, or other |
| 21 | commercial information, and whose disclosure to the other party would provide a competitive |
| 22 | advantage to that party. |
| 23 | 5. "Receiving Party" is defined as a party that receives Disclosure or Discovery |
| 24 | Material from a Producing Party. |
| 25 | 6. "Producing Party" is defined as a party or non-party that produces Disclosure |
| 26 | or Discovery Material in this action. |
| 27 | 7. "Designating Party" is defined as a party or non-party that designates |
| 28 | Disclosure or Discovery Material that it produces in this action as "CONFIDENTIAL," "HIGHLY |

1 CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "COMPETITIVELY SENSITIVE –
2 OUTSIDE ATTORNEYS' EYES ONLY."

3      8.     Disclosure or Discovery Material containing Confidential Information, Highly
4 Confidential Information and Competitively Sensitive Information are referred to as "Protected
5 Documents." Except as otherwise indicated below, all Disclosure or Discovery Material designated
6 by the Producing Party as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'
7 EYES ONLY," or "COMPETITIVELY SENSITIVE – OUTSIDE ATTORNEYS' EYES ONLY"
8 and that are disclosed or produced to the attorneys for the other parties to this litigation are Protected
9 Documents and are entitled to confidential treatment as described below. The protections conferred
10 by this Protective Order also cover any information copied or extracted from Protected Documents,
11 as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or
12 presentations by parties or counsel to or in court or in other settings that might reveal the Protected
13 Documents or their contents.

14      9.     In addition, a party or non-party may designate information disclosed during a
15 deposition or in response to written discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL
16 – ATTORNEYS' EYES ONLY," or "COMPETITIVELY SENSITIVE – OUTSIDE ATTORNEYS'
17 EYES ONLY" by so stating in said responses or on the record at the deposition. Additionally, a
18 party or non-party may designate in writing, within twenty (20) days after receipt of said responses
19 or of the deposition transcript for which the designation is proposed, that specific pages of the
20 transcript and/or specific responses be designated as "CONFIDENTIAL," "HIGHLY
21 CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "COMPETITIVELY SENSITIVE –
22 OUTSIDE ATTORNEYS' EYES ONLY." The deposition transcript shall be treated as a Protected
23 Document until such written designation has been made or the twenty-day period for making such
24 designation has expired.

25      10.     Protected Documents shall not include: (a) advertising materials; (b) materials
26 that on their face show that they have been published to the general public; and (c) documents that
27 have been submitted to any governmental entity without request for confidential treatment.

28      11.     Unless otherwise ordered by the Court or permitted in writing by the

Designating Party, a Receiving Party may not show, disseminate, copy, or in any way communicate Disclosure or Discovery Material designated as "CONFIDENTIAL" by the Designating Party to anyone for any purpose, except to the following persons:

 a. The Receiving Party's counsel of record, or counsel assisting counsel of record, in this action;

 b. Employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action;

 c. The officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed a copy of the Certification attached to this Protective Order as Appendix A;

 d. Consultants, experts, and investigators retained by counsel to assist in the preparation and trial of this action, provided that each person shall first execute a copy of the Certification attached to this Protective Order as Appendix A (which Certification shall be retained by counsel for the Receiving Party disclosing Protected Documents to the consultant, expert, or investigator and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court);

 e. Outside vendors retained by counsel for performing document duplication, scanning, imaging, coding, or related services in connection with this action;

 f. Authors, addressees and designated copy recipients of the specific Protected Documents sought to be disclosed;

 g. A witness at a deposition or hearing, provided that the witness may not retain Protected Documents following the deposition or hearing unless the parties agree otherwise and the witness executes a copy of the Certification attached to this Protective Order as Appendix A;

 h. The Court and court personnel; and

 i. Any other person whom the Designating Party determines can review such information.

12. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may not show, disseminate, copy, or in any way communicate

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY**
**CASE NO. CV-08-3393-JSW**
3

1 Disclosure or Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS'
2 EYES ONLY" by the Designating Party to anyone for any purpose, except to the following persons:
3     a.      The Receiving Party's counsel of record, or counsel assisting counsel
4 of record, in this action;
5     b.      Employees of such counsel assigned to and necessary to assist such
6 counsel in the preparation and trial of this action;
7     c.      The in-house counsel of the Receiving Party to whom disclosure is
8 reasonably necessary for this litigation and who have signed a copy of the Certification attached to
9 this Protective Order as Appendix A;
10     d.      Consultants, experts, and investigators retained by counsel to assist in
11 the preparation and trial of this action, provided that each person shall first execute a copy of the
12 Certification attached to this Protective Order as Appendix A (which Certification shall be retained
13 by counsel for the Receiving Party disclosing the Protected Document to the consultant, expert, or
14 investigator and made available for inspection by opposing counsel during the pendency or after the
15 termination of the action only upon good cause shown and upon order of the Court);
16     d.      Outside vendors retained by counsel for performing document
17 duplication, scanning, imaging, coding, or related services in connection with this action;
18     e.      Authors, addressees and designated copy recipients of the specific
19 Protected Document sought to be disclosed;
20     f.      The Court and court personnel; and
21     g.      Any other person whom the Designating Party determines can review
22 such information.
23     13.      Unless otherwise ordered by the Court or permitted in writing by the
24 Designating Party, a Receiving Party may not show, disseminate, copy, or in any way communicate
25 Disclosure or Discovery Material designated as "COMPETITIVELY SENSITIVE – OUTSIDE
26 ATTORNEYS' EYES ONLY" by the Designating Party to anyone for any purpose, except to the
27 following persons:
28     a.      The Receiving Party's counsel of record, or counsel assisting counsel

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY**
**CASE NO. CV-08-3393-JSW**
4

1 of record, in this action;

2     b.    Employees of such counsel assigned to and necessary to assist such
3 counsel in the preparation and trial of this action;

4     c.    Consultants, experts, and investigators retained by counsel to assist in
5 the preparation and trial of this action, provided that each person shall first execute a copy of the
6 Certification attached to this Protective Order as Appendix A (which Certification shall be retained
7 by counsel for the Receiving Party disclosing the Protected Document to the consultant, expert, or
8 investigator and made available for inspection by opposing counsel during the pendency or after the
9 termination of the action only upon good cause shown and upon order of the Court);

10     d.    Outside vendors retained by counsel for performing document
11 duplication, scanning, imaging, coding, or related services in connection with this action;

12     e.    Authors, addressees and designated copy recipients of the specific
13 Protected Document sought to be disclosed;

14     f.    The Court and court personnel; and

15     g.    Any other person whom the Designating Party determines can review
16 such information.

17     14.    Nothing in this Protective Order will bar or otherwise restrict an attorney from
18 rendering advice to his or her client with respect to this matter or from relying upon or generally
19 referring to Protected Documents in rendering such advice; provided however, that in rendering such
20 advice or in otherwise communicating with his or her client, the attorney will not reveal or disclose
21 the specific content thereof if such disclosure is not otherwise permitted under this Protective Order.

22     15.    Protected Documents and any information contained therein shall be used
23 solely for the prosecution or defense of this litigation.

24     16.    The party or parties receiving Protected Documents shall not under any
25 circumstances sell, offer for sale, or advertise Protected Documents or any information contained
26 therein.

27     17.    If a Receiving Party is served with a subpoena or an order issued in other
28 litigation that would compel disclosure of any information or items designated in this action as

1  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or
2  "COMPETITIVELY SENSITIVE – OUTSIDE ATTORNEYS' EYES ONLY,"  the Receiving Party
3  must notify the Designating Party, in writing (by fax and email, if possible) immediately and in no
4  event more than three court days after receiving the subpoena or order.  Such notification must
5  include a copy of the subpoena or court order.

6  The Receiving Party also must immediately inform in writing the party who caused
7  the subpoena or order to issue in the other litigation that some or all the material covered by the
8  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must
9  deliver a copy of this Protective Order promptly to the party in the other action that caused the
10 subpoena or order to issue.

11 The purpose of imposing these duties is to alert the interested parties to the existence
12 of this Protective Order and to afford the Designating Party in this case an opportunity to protect its
13 confidentiality interests in the court from which the subpoena or order issued.  The Designating
14 Party shall bear the burdens and the expenses of seeking protection in that court of its confidential
15 material, and nothing in these provisions should be construed as authorizing or encouraging a
16 Receiving Party in this action to disobey a lawful directive from another court.

17 18. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
18 Protected Documents to any person or in any circumstance not authorized under this Protective
19 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
20 unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Documents, (c)
21 inform the person or persons to whom unauthorized disclosures were made of all the terms of this
22 Protective Order, and (d) request such person or persons to execute the Certification attached to this
23 Protective Order as Appendix A.

24 19. At any time after the delivery of Protected Documents, counsel for the party
25 receiving the Protected Documents may challenge the "CONFIDENTIAL," "HIGHLY
26 CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "COMPETITIVELY SENSITIVE –
27 OUTSIDE ATTORNEYS' EYES ONLY" designation of all or any portion thereof by providing
28 written notice thereof to counsel for the party disclosing or producing the Protected Documents.

20. If the parties are unable to agree as to whether the confidential designation of Protected Documents is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the Confidential, Highly Confidential or Competitively Sensitive nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have thirty (30) calendar days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Protective Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Protective Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

21. Inadvertent or unintentional production of documents or information containing Confidential, Highly Confidential or Competitively Sensitive Information that is not designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "COMPETITIVELY SENSITIVE – OUTSIDE ATTORNEYS' EYES ONLY" shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party may at any time designate Confidential, Highly Confidential, or Competitively Sensitive Information, even if not initially so designated, by notifying each party in writing of the Confidential, Highly Confidential, or Competitively Sensitive Information that is to be so designated. Treatment of such Confidential, Highly Confidential, or Competitively Sensitive Information in a non-confidential manner by the Receiving Party prior to such notice shall not be deemed a breach of this Protective Order. However, any person receiving such notice must thereafter: (a) treat the newly designated Confidential, Highly Confidential, or Competitively Sensitive Information as if it had been originally so designated; (b) mark all copies of such Confidential, Highly Confidential, or Competitively

1 Sensitive Information in his or her possession accordingly; and (c) request that any person not
2 covered by this Protective Order who previously received copies of the Confidential, Highly
3 Confidential, or Competitively Sensitive Information return it.

4     22. Discussion of or references to Protected Documents or information contained
5 therein in at depositions, hearings, or trial shall not constitute a waiver of any "CONFIDENTIAL,"
6 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "COMPETITIVELY
7 SENSITIVE – OUTSIDE ATTORNEYS' EYES ONLY" designation made hereunder with respect
8 to such Protected Documents or of any provision of this Protective Order.

9     23. In the event that a party inadvertently produces to any other party documents
10 or information that are privileged in whole or in part pursuant to the attorney-client privilege, work-
11 product doctrine, or other applicable privilege, the privilege shall not be deemed waived so long as
12 the party inadvertently producing the privileged documents or information timely provides written
13 notice of the inadvertent disclosure to counsel for the Receiving Party. Upon receipt of such notice,
14 all receiving parties shall return or destroy any privileged documents or information. All other
15 objections of a party to the claim of privilege, however, shall be retained, and shall not be waived by
16 the return or destruction of the documents or information at issue.

17     24. The parties acknowledge that the Protective Order does not confer blanket
18 protections on all disclosures or responses to discovery and that the protection it affords extends only
19 to the limited information or items that are entitled under the applicable legal principles to treatment
20 as confidential. The parties further acknowledge that this Protective Order creates no entitlement to
21 file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be
22 followed and reflects the standards that will be applied when a party seeks permission from the court
23 to file material under seal. Without written permission from the party designating the Confidential,
24 Highly Confidential, or Competitively Sensitive Information as a Protected Document or a court
25 order secured after appropriate notice to all interested persons, a party may not file in the public
26 record in this action or any other action any Protected Document except as provided under Civil
27 Local Rule 79-5.

28     25. The parties agree that sixty (60) days before trial they will meet and confer as

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY**
**CASE NO. CV-08-3393-JSW**
8

to whether certain documents designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or "COMPETITIVELY SENSITIVE – OUTSIDE ATTORNEYS' EYES ONLY" for pre-trial purposes should retain that designation for trial. A party's failure to contest a designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "COMPETITIVELY SENSITIVE – OUTSIDE ATTORNEYS' EYES ONLY" for pre-trial purposes shall not prejudice it to contest such a designation at trial.

26. After termination of this litigation, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Protective Order following termination of this litigation.

27. Within forty-five (45) days following termination of this action by dismissal, judgment, or settlement (including any appeal), counsel for the Receiving Party will, upon request of the Producing Party, either (a) return the Protected Documents to the counsel for the Producing Party, or (b) destroy the Protected Documents and certify in writing to counsel for the Producing Party that such destruction has occurred. This provision does not include any attorney work product that refers or relates to any Protected Documents.

28. This Protective Order shall not apply to or affect the use of information already in the possession of a party or obtained by a party outside the course of discovery in this litigation.

29. This Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

30. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted,

Dated: November 4, 2008                SIDLEY AUSTIN LLP

                                       By: /s/ Robert B. Martin III
                                       ----------------------------
                                           Robert B. Martin III
                                           Attorneys For Plaintiff Copart, Inc.

Dated: November 4, 2008                ALSTON & BIRD LLP


                                       By: /s/ Valarie C. Williams
                                       ----------------------------
                                           Valarie C. Williams
                                           Attorneys for Defendant Auto Auction
                                           Services Corp.

## [PROPOSED] ORDER

Upon stipulation of the parties, and good cause appearing, the foregoing Stipulation and Protective Order Regarding Confidentiality is approved.

IT IS SO ORDERED.


Dated: November 5, 2008                /s/ Jeffrey S. White
                                       ----------------------------
                                       THE HONORABLE JEFFREY S. WHITE
                                       United States District Judge

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY**
**CASE NO. CV-08-3393-JSW**
10

|     |                                                                                                                  |
| --- | ---------------------------------------------------------------------------------------------------------------- |
| 1   | **APPENDIX A**                                                                                                   |
| 2   | **CERTIFICATION**                                                                                                |
| 3   | I hereby certify my understanding that Protected Documents are being provided to me                              |
| 4   | pursuant to the terms and restrictions of the Stipulation and Protective Order Regarding                         |
| 5   | Confidentiality ("Protective Order") dated November __, 2008 in *Copart, Inc. v. Auto Auction*                   |
| 6   | *Services Corp.*, No. CV-08-3393-JSW (N.D. Cal.). I have been given a copy of the Protective Order               |
| 7   | and read it. I agree to be bound by the Order. I will not reveal the Protected Documents to anyone,              |
| 8   | except as allowed by the Order. I will maintain all such Protected Documents—including copies,                   |
| 9   | notes or other transcriptions made therefrom—in a secure manner to prevent unauthorized access to                |
| 10  | them. No later than thirty (30) days after the conclusion of this action, I will return the Protected            |
| 11  | Documents—including copies, notes or other transcriptions made therefrom—to the counsel who                      |
| 12  | provided me with the Protected Documents. I hereby consent to the jurisdiction of the United States              |
| 13  | District Court for the Northern District of California for the purpose of enforcing the Protective               |
| 14  | Order.                                                                                                           |
| 15  |                                                                                                                  |
| 16  | SIGNATURE: _____                                                                        |
| 17  |                                                                                                                  |
| 18  | DATED: _____                                                                            |